IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD L. BENISH, | ) | 4:11CV3109 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Richard L. Benish's ("Benish" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Liberally construing the allegations of Benish's Petition, Benish argues that he is entitled to writ of habeas corpus based on the following claims:

Claim One:    Petitioner was denied a speedy trial in violation of the Sixth and Fourteenth Amendments because the prosecution failed to prosecute him in a reasonable amount of time.

Claim Two:    Petitioner was denied due process of law in violation of the Fourteenth Amendment because the trial court lacked subject matter jurisdiction over him.

Claim Three:    Petitioner's trial counsel failed to argue that a motion for discovery was moot.

Claim Four:    Petitioner was denied due process of law and effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because appellate counsel failed to (1) properly raise Petitioner's claims, (2) preserve and protect Petitioner's rights, and (3) raise the issue of vindictive prosecution.

Claim Five:        Petitioner was denied due process of law in violation of the Fourteenth Amendment because the prosecution was vindictive.

(Filing No. 6 at CM/ECF pp. 1-2.)  For the reasons set forth below, Benish's Petition is dismissed with prejudice.

## I.  BACKGROUND

### A.    Benish's Conviction and Direct Appeal

On June 1, 2007, a jury found Benish guilty of being an accessory to a felony. (Filing No. 9-3, Attach. 3, at CM/ECF p. 106.)  Thereafter, the court determined Benish was a habitual criminal.  (Filing No. 9-4, Attach. 4, at CM/ECF p. 4.)  The Nebraska Court of Appeals reported the lengthy factual and procedural background underlying Benish's conviction in *State v. Benish*, No. A-07-860 (Neb. Ct. App. Oct. 28, 2008), and the court will not repeat it here.  (Opinion available at Filing No. 9-3, Attach. 3, at CM/ECF pp. 1-11.)  Benish timely appealed his conviction and sentence to the Nebraska Court of Appeals, raising only one claim he now raises in his Petition. The Nebraska Court of Appeals affirmed Benish's conviction and sentence in a detailed opinion.  (*Id.*)  Thereafter, Benish sought further relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied.  (Filing No. 9-7, Attach. 7, at CM/ECF p. 9.)

### B.    Benish's Post-Conviction Motion and Appeal

Benish filed a pro se motion for post-conviction relief ("post-conviction motion") in the Douglas County District Court on December 21, 2009.  (Filing No. 9-5, Attach. 5, at CM/ECF pp. 20-45.)  Benish raised some of the claims he now raises in his Petition in his post-conviction motion.  The Douglas County District Court

2

denied Benish's post-conviction motion on July 20, 2010.  (Filing No. 9-6, Attach. 6, at CM/ECF pp. 24-27.)  Benish timely appealed the denial to the Nebraska Court of Appeals, which also denied relief.  (Filing No. 9-7, Attach. 7, at CM/ECF p. 12.)  Thereafter, Benish sought further relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied.  (*Id.*)

**C.  Benish's Petition for Writ of Habeas Corpus**

On July 19, 2011, Benish timely filed his Petition in this court.  (Filing No. 1.)  Thereafter, he filed a Brief in support of his Petition.  (Filing No. 16.)  In response to Benish's Petition, Respondent filed an Answer, a Brief, and State Court Records.  (Filing Nos. 9, 10, and 11.)  In light of these filings, the court deems this matter fully submitted.

## II.  ANALYSIS

In order for the court to address the merits of any one of Benish's claims, he must have exhausted the remedies available to him in the Nebraska state courts.  *See* 28 U.S.C. § 2254(b)(1).  As set forth below, Benish failed to exhaust his claims in the Nebraska state courts and, because the claims are now barred from presentation in the Nebraska state courts, they are procedurally defaulted.

**A.  Requirement of Exhaustion**

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or

3

> (B)   (i)   there is an absence of available State corrective process; or
>
>        (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore fairly present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).  Further, in order to fairly present a federal constitutional claim to the state courts, the petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."  *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*, 546 U.S. 844 (2005) (internal quotation marks and citations omitted).

4

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

**B.     Claim One**

In Claim One, Benish argues that his constitutional right to a speedy trial was violated.  Benish did not fairly present Claim One to the Nebraska state courts. Benish raised Claim One in his brief to the Nebraska Court of Appeals on direct appeal.  (Filing No. 9-4, Attach. 4, at CM/ECF p. 35.)  However, the Nebraska Court of Appeals refused to consider the claim because it had already determined in a prior order issued in the same case that Benish had waived the claim.  (Filing No. 9-3, Attach. 3, at CM/ECF p. 3.)  In the prior order—issued on appeal from the trial court's denial of Benish's motion to discharge—the Nebraska Court of Appeals held that:

> Benish has waived any constitutional speedy trial claim.  An appellate court does not review questions concerning a defendant's constitutional right to a speedy trial when those questions are not raised in both the trial court and the appellate court.  *State v. Karch*[, 639 N.W.2d 118 (Neb. 2002)].  There is nothing in the record to indicate that Benish raised the issue of his constitutional right to speedy trial to the trial court.  Benish made his second motion to discharge orally, and the record shows that his argument in support of discharge was based solely on his statutory right to speedy trial.  The alleged violation of Benish's constitutional right to speedy trial was not addressed by counsel or the trial court at the hearing on the second motion to discharge.  Thus, Benish did not preserve a constitutional claim, and we do not consider any such claim.

(Filing No. 9-2, Attach. 2, at CM/ECF p. 9.)  The Nebraska Supreme Court denied Benish further review of the issue.  (Filing No. 9-7, Attach. 7, at CM/ECF p. 9.)

The Nebraska Court of Appeals issued a plain statement that it was declining to address Benish's federal claim because he had failed to raise the issue of his constitutional right to a speedy trial in the trial court.  Benish failed to follow applicable state procedural rules and therefore failed to fairly present Claim One in the Nebraska state courts.  He is now barred from raising the claim in a future post-

conviction motion because the issue was addressed on direct appeal. *See Hall*, 646 N.W.2d at 579. For these reasons, Claim One is procedurally defaulted.

## C.    Claims Two, Three, and Five

In Claims Two, Three, and Five, Benish raises several due process arguments that he never raised in the Nebraska State Courts. These due process claims were not assigned as error or argued in any of his briefs to the Nebraska Court of Appeals or the Nebraska Supreme Court. As set forth above, a state prisoner must "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *O'Sullivan*, 526 U.S. at 844. Benish did not raise these claims to the Nebraska State Courts and he is procedurally barred from raising them in what would be a successive motion for post-conviction relief. *See Ortiz*, 670 N.W.2d at 792. Accordingly, Claims Two, Three, and Five are procedurally defaulted.

## D.    Claim Four

In Claim Four, Benish argues that his appellate counsel was ineffective. Because Benish's trial and appellate counsel were different, Benish's first opportunity to raise Claim Four was in his post-conviction motion. While Benish arguably raised parts of Claim Four in his post-conviction motion to the Douglas County District Court (*see* Filing No. 9-5, Attach. 5, at CM/ECF pp. 22-29), it is clear that he did not raise any part of Claim Four on appeal to the Nebraska Court of Appeals (*see* Filing No. 9-6, Attach. 6, at CM/ECF pp. 51-73) or in his petition for further review to the Nebraska Supreme Court (*see id.* at CM/ECF pp. 76-93). As set forth above, Benish must have presented this claim in "one complete round" in the Nebraska state courts in order to meet the requirements of 28 U.S.C. § 2254(b)(1). *See O'Sullivan*, 526 U.S. at 845. He failed to do so. Moreover, Benish is procedurally barred from raising the claim in a successive motion for post-conviction relief. *See Hall*, 646 N.W.2d at 579. As such, Claim Four is procedurally defaulted.

### E.    Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Benish has not argued that the court's failure to consider his procedurally-defaulted claims will result in a fundamental miscarriage of justice.  Regardless, in order for Benish to invoke the fundamental-miscarriage-of-justice exception, he would have to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).  Benish has not done so.  In addition, Benish has not argued cause for the default of his claims.  As such, Benish's claims are dismissed because they are procedurally defaulted and Benish has not shown cause to excuse the procedural default.

IT IS THEREFORE ORDERED that: Petitioner Benish's Petition (filing no. 1) is dismissed with prejudice.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of February, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.